UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **EDDIE LEE JACKSON**<br>     **LA. DOC #348513**<br>**VS.** | **CIVIL ACTION NO. 5:15-cv-0072**<br><br>**SECTION P** |
| **NATHAN CAIN, WARDEN**<br>**AVOYELLES CORRECTIONAL**<br>**CENTER** | **JUDGE DONALD E. WALTER**<br>**MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Eddie Lee Jackson, a prisoner in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on January 13, 2015. Petitioner attacks his 2012 convictions for arson and kidnapping and the sentences totaling 40 years imposed by the First Judicial District Court, Caddo Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED** pursuant to F.R.C.P. Rule 41(b).

*Background*

Petitioner was convicted of simple arson and second degree kidnapping on August 3, 2012; on November 9, 2012, he was sentenced to serve concurrent sentences of 10 and 40 years. [Doc. 1, ¶1-5] He appealed his conviction and sentence to the Second Circuit Court of Appeal arguing insufficiency of the evidence, improper admission of other crimes evidence, and excessiveness of sentence. In a pro se brief, petitioner raised, but failed to argue, an additional claim of ineffective assistance of trial counsel. On January 29, 2014, the Court of Appeal

affirmed his convictions and sentences. *State of Louisiana v. Eddie L. Jackson*, 48,552 (La. App. 2 Cir. 1/29/2014), 132 So.3d 516. His application for writs of certiorari and review were denied by the Louisiana Supreme Court on September 19 and 26, 2014. *State of Louisiana v. Eddie L. Jackson*, 2014-0394 (La. 9/19/2014), 148 So.3d 952, and, 2014-0412 (La. 9/26/2014), 149 So.3d 260. Petitioner did not seek further direct review in the United States Supreme Court. [Doc. 1, ¶9(h)] Nor did he collaterally attack his conviction and sentence in the Louisiana Courts. [Doc. 1, ¶10] He filed the instant petition on January 13, 2015, arguing again claims of insufficiency of the evidence, erroneous admission of other crimes evidence, and excessiveness of sentence. On April 7, 2015, petitioner was ordered to amend his petition within 40 days to provide (1) A copy of the counseled and pro se briefs filed by or on behalf of the petitioner in the Second Circuit Court of Appeal on direct review in Docket No. 48,552-KA; and, (2) **DATED** copies of petitioner's applications for writs filed in the Louisiana Supreme Court on direct review under Dockets No. 2014-KO-0394 and 2014-KO-0412. [Doc. 5]

*Law and Analysis*

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). The undersigned evaluated the original petition and directed petitioner to amend and provide the information needed to determine whether

petitioner exhausted State court remedies or whether the claims were time-barred by Section 2244(d)(1). Petitioner was given a period of 40 days within which to respond, or on or before May 7, 2015. Petitioner disregarded the order to amend; further, petitioner has not contacted the Court since February 26, 2015, when he inquired as to the status of his case. [Doc. 4][1] Therefore,

**IT IS RECOMMENDED** that petitioner's petition for *habeas corpus* be **DISMISSED** for failure to prosecute in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

---

[1] It is unclear whether dismissal at this time will result in the complete forfeiture of petitioner's *habeas* claims should he desire at some later date to pursue them. Nevertheless, dismissal at this juncture would still be appropriate even if it ultimately "deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court rule or order is warranted where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*.

The undersigned finds that the requirements for a dismissal with prejudice are satisfied in this case. As previously noted, petitioner submitted an inadequate pleading; he was instructed to amend to provide information needed to evaluate whether state court remedies were properly exhausted and whether the action was time-barred; however, he to do so within the time limitation provided. The order did not seek a legal brief on petitioner's part; indeed, the amend order directed him to provide only documents thought to be in petitioner's possession. Finally, it must be assumed that petitioner no longer desires to prosecute this action since, as previously noted, he has not been in contact with the Court since February 26, 2015.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996). **IN THE EVENT PETITIONER OBJECTS TO THIS REPORT AND RECOMMENDATION, HE SHOULD PROVIDE THE DOCUMENTS HE WAS ORDERED TO PRODUCE IN THE APRIL 7, 2015 AMEND ORDER.**

In Chambers, Monroe, Louisiana, September 21, 2015.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE